**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)**

| | |
|---|---|
| STEARNS BANK, NATIONAL ASSOCIATION<br>PO Box 750<br>Albany, Minnesota 56307 | Case No. 1:23-cv-146 |
| | Judge _____ |
|    Plaintiff, | |
| vs. | **COMPLAINT** |
| LASTER, LLC<br>10200 Meech Avenue<br>Cleveland, Ohio 44105 | |
|   **Also serve:** | |
|   LASTER, LLC<br>  c/o Donald Laster, Registered Agent<br>  13117 Benwood Avenue<br>  Cleveland, Ohio 44105 | |
|   **Also serve:** | |
|   LASTER, LLC<br>  c/o Donald Laster, Registered Agent<br>  2267 E. 101st Street<br>  Cleveland, Ohio 44106 | |
| And | |
| DONALD LASTER<br>13117 Benwood Avenue<br>Cleveland, Ohio 44105 | |
|    Defendants. | |

04722940-1

Now comes the Plaintiff, Stearns Bank, National Association, by and through counsel, and for its Complaint against Defendants, individually and collectively, hereby states as follows:

1.      Plaintiff, Stearns Bank, National Association ("Plaintiff"), is a national bank association organized and existing under the laws of the United States of America with a mailing address of PO Box 750, Albany, Minnesota 56307.  For citizenship purposes, a bank national association has the citizenship of the state where its "main office" is located.  Plaintiff's main office is 4191 2nd Street S, Saint Cloud, Minnesota 56301 making it a citizen of the State of Minnesota for purposes of diversity jurisdiction.

2.      Defendant, Laster, LLC ("Laster LLC"), is a limited liability company organized and existing under the laws of the State of Ohio with its principal place of business at 10200 Meech Avenue, Cleveland, Ohio 44105.  For citizenship purposes, a limited liability company has the citizenship of its members.  All members of Laster LLC are citizens of the State of Ohio.

3.      Defendant, Donald Laster ("Donald Laster"), is an individual who resides at 13117 Benwood Avenue, Cleveland, Ohio 44105.  Donald Laster is a citizen of the State of Ohio.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

6. On or about August 23, 2018, Laster LLC entered into an Equipment Finance Agreement ("Agreement 1"), a true and accurate copy of which is attached as EXHIBIT A and is incorporated by reference.

7. In Agreement 1, Laster LLC granted Plaintiff a security interest in the following property: 2016 SANY SY215CLC Excavator Serial# SY021DBGR9128 (the "Agreement 1 Collateral"), and obligated Laster LLC to make monthly payments of $2,014.34 for 59 months, beginning on September 30, 2018, in addition to a down payment of $10,825.00 and a final payment of $10,825.00.

8. In conjunction with Agreement 1, Donald Laster individually and unconditionally guaranteed the payment and performance of Laster LLC under Agreement 1 by executing a Personal Guaranty ("Guaranty 1"), which is incorporated into Agreement 1.

9. On or about October 12, 2018, Laster LLC entered into an Equipment Finance Agreement ("Agreement 2"), a true and accurate copy of which is attached as EXHIBIT B and is incorporated by reference.

10. In Agreement 2, Laster LLC granted Plaintiff a security interest in the following property: 2001 MACK RD600 DUMP TRUCK VIN# 1M2P264C81M032586 (the "Agreement 2 Collateral"), and obligated Laster LLC to make monthly payments of $739.57 for 60 months, beginning on November 15, 2018, in addition to a down payment of $3,700.00.

11. In conjunction with Agreement 2, Donald Laster individually and unconditionally guaranteed the payment and performance of Laster LLC under Agreement 2 by executing a Personal Guaranty ("Guaranty 2"; together with Guaranty 1, the "Personal Guaranties"), which is incorporated into Agreement 2.

12.     Pursuant to Ohio law, Plaintiff repossessed and sold the Agreement 2 Collateral.  As of October 29, 2020, $28,737.59 remained unpaid under the terms of Agreement 2.

13.     Plaintiff is the owner and holder of Agreement 1 and Agreement 2, or is a person entitled to enforce the instruments.

14.     Agreement 1 and Agreement 2 were entered into as part of a commercial transaction and are not consumer transactions.

15.     There has been a default under Agreement 1 and Agreement 2 by reason of nonpayment, and Plaintiff has accelerated all sums due thereunder.

**COUNT ONE**
**BREACH OF CONTRACT**

16.     Plaintiff realleges and reincorporates each of the preceding paragraphs as if fully set forth herein.

**A.      Agreement 1**

17.     Agreement 1 is a valid and enforceable contract.

18.     Plaintiff has performed all conditions precedent.

19.     Defendants have breached Agreement 1 by reason of nonpayment.

20.     As a direct and proximate result of said default, Plaintiff is owed under Agreement 1 the sum of $100,533.74, as of October 18, 2022, together with accruing interest, other amounts that may become due under the contract, and Plaintiff's reasonable attorney's fees and costs incurred herein.

**B.      Agreement 2**

21.     Agreement 2 is a valid and enforceable contract.

22.     Plaintiff has performed all conditions precedent.

23.     Defendants have breached Agreement 2 by reason of nonpayment.

24.     As a direct and proximate result of said default, Plaintiff is owed under Agreement 2 the sum of $27,337.59, as of October 18, 2022, together with accruing interest, other amounts that may become due under the contract, and Plaintiff's reasonable attorney's fees and costs incurred herein.

25.     There has been a default under the Personal Guaranties.

26.     As a direct and proximate result of said default, Donald Laster is liable for all amounts owed to Plaintiff from Laster LLC.

## COUNT TWO
## REPLEVIN

27.     Plaintiff realleges and reincorporates each of the preceding paragraphs as if fully set forth herein.

28.     Plaintiff has made multiple demands to Laster LLC for surrender of the Agreement 1 Collateral, 2016 SANY SY215CLC Excavator Serial# SY021DBGR9128. Laster LLC has failed or refused to respond.

29.     Plaintiff is entitled to repossession of the Agreement 1 Collateral.

30.     Plaintiff is entitled to an Order of Replevin and a Writ of Delivery for the Agreement 1 Collateral.

## COUNT THREE
## CLAIM FOR ATTORNEYS' FEES

31.     Plaintiff realleges and reincorporates each of the preceding paragraphs as if fully set forth herein.

32.     The contracts described herein contain a commitment to recover reasonable attorneys' fees and costs in connection with any enforcement action.

33.     Plaintiff has incurred attorneys' fees and costs in connection with the enforcement of the contracts.

34.     Plaintiff is entitled to the recovery of its reasonable attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff demands judgment as follows:

A.     For judgment against Defendants, Laster LLC and Donald Laster, jointly and severally, under Agreement 1 in the amount of $100,533.74, as of October 18, 2022, together with accruing interest, other amounts that may become due under the contract, and Plaintiff's reasonable attorney's fees and costs incurred herein;

B.     For judgment against Defendants, Laster LLC and Donald Laster, jointly and severally, under Agreement 2 in the amount of $27,337.59, as of October 18, 2022, together with accruing interest, other amounts that may become due under the contract, and Plaintiff's reasonable attorney's fees and costs incurred herein;

C.     For post-judgment interest;

D.     For a judgment confirming the right of repossession of the Agreement 1 Collateral;

E.     For an Order of Writ of Delivery and Replevin as to the Agreement 1 Collateral;

F.     For Plaintiff's reasonable attorney fees and costs incurred herein;

G.     For the costs of this action; and

H.     For such other relief, both legal and equitable, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Michael A. Galasso

Michael A. Galasso (0072470)
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio  45202
T: (513) 721-3330 | F: (513) 721-5001
mgalasso@rkpt.com
**Attorney for Plaintiff**